8/31/2021 9:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56848717
By: Cecilia Thayer
Filed: 8/31/2021 9:35 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MATEO VILLAFUERTE ANDA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DELBERT BATES AND | § | |
| FLIPPO FAST FREIGHT, INC. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, MATEO VILLAFUERTE ANDA, hereinafter referred to as "Plaintiff," complaining of DELBERT BATES ("Defendant Bates") and FLIPPO FAST FREIGHT, INC. ("Defendant Flippo"), hereinafter collectively referred to as "Defendants," and for cause of action would respectfully show:

### I.

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.

Plaintiff is an individual and a resident of Harris County, Texas. The last three numbers of Plaintiff's driver's license number are XXX, and the last three numbers of his social security number are XXX.

Defendant Bates is an individual who resides in Walker County, Alabama, and may be served with process at his place of residence, <u>68 Reno Hill Road, Townley, Alabama 35587, or wherever he may be found.</u>

Defendant Flippo is a foreign for-profit corporation doing business in the State of Texas; service upon this Defendant may be had by serving its registered agent, <u>Randall Flippo at 3430 Highway 124, Townley, Alabama 35587 or wherever it may be found.</u>

This incident occurred in Harris County, Texas.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $250,000.

This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### IV.

On or about December 2, 2020, Plaintiff was traveling south bound in or near the 10100 block of the North Loop East Freeway in Harris County, Texas. As Plaintiff slowed for traffic, suddenly and without warning, Defendant Bates failed to control his speed and collided with the rear of Plaintiff's vehicle. Defendant Bates was issued citation number 144216283 for "Fail[ure] to Control Speed". As a result of Defendant Bates's negligence and the collision, Plaintiff sustained serious personal injuries as described herein.

Based on information and belief, at all times material to this lawsuit, Defendant Bates was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with Defendant Flippo. As a result of the incident, Plaintiff sustained serious personal injuries as described herein.

### V.

On the occasion in question, Defendant Bates violated his duty to exercise ordinary care in the operation of the motor vehicle and was negligent in one or more of the following particulars:

(a)     in failing to keep a proper lookout;
(b)     in failing to apply or timely apply the brakes;
(c)     in failing to maintain a proper distance between vehicles;
(d)     in failing to control the speed of Defendant's vehicle;
(e)     in failing to avoid the collision;
(f)     in striking Plaintiff's vehicle;
(g)     in failing to drive in a reasonably attentive manner; and
(h)     in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VI.

Defendant Flippo and its agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a)     In failing to properly screen, test, and qualify drivers, specifically including Defendant Bates, so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question;

(b)     In hiring, employing, and/or retaining drivers, specifically including Defendant Bates, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question;

(c)     In failing to properly train and supervise drivers, specifically including Defendant Bates, so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question; and

(d)   In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate a vehicle such as the one involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees for Defendant Flippo including but not limited to Defendant Bates, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant Flippo. Thus, Defendant Flippo is vicariously liable for the acts and/or omissions of Defendant Bates under the doctrine of *respondeat superior*.

## VII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of Defendants were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

## VIII.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which he is legally entitled to recover:

1.   Necessary and reasonable medical expenses, past and future;
2.   Physical pain and mental anguish, past and future;
3.   Physical impairment, past and future;
4.   Disfigurement, past and future;
5.   Loss of income and reduced wage earning capacity, past and future;

6.      Pre-judgment interest and costs of Court; and

7.      Property damage.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## IX.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendant to Plaintiff in response to written discovery will be used against Defendant at any pretrial proceeding or at trial.

## X.

## REQUIRED DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiff have judgment of the Court against such Defendants in a total amount of money substantially in excess of the minimum jurisdictional limit

of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**CRIM & VILLALPANDO, PC**

By: _____
Allen A. King, Jr.
State Bar No. 11433490
2122 E Governors Circle
Houston, Texas 77092
(713) 807-7800
(713) 807-8852 Fax
Allen@cvinjurylawyers.com

**ATTORNEY FOR PLAINTIFF**
**MATEO VILLAFUERTE ANDA**

CAUSE NO. 202155866

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 908698   TR# 73910981
EML

| Plaintiff:<br>ANDA, MATEO VILLAFUERTE<br>vs.<br>Defendant:<br>BATES, DELBERT | In The 133rd<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   FLIPPO FAST FREIGHT INC (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED BY SERVING
ITS REGISTERED AGENT RANDALL FLIPPO
3430 HIGHWAY 124, TOWNLEY AL 33587
OR WHEREVER IT MAY BE FOUND

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 31, 2021 in the above cited cause number and court.  The
instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

        This citation was issued on September 3, 2021, under my hand and seal of said court.

Issued at the request of:

KING, ALLEN ARLEN JR.
2122 E. GOVENORS CIRCLE
HOUSTON, TX  77092-0000
713-807-7800
Bar Number: 11433490



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO Box 4651, Houston, TX
77210)

Generated By: CECILIA THAYER